NOTICE

Decision filed 11/16/23. The text of this decision may be changed or corrected prior to the filing of a Petiion for Rehearing or the disposition of the same.

2023 IL App (5th) 230753-U

NO. 5-23-0753

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Christian County. |
| | ) | |
| v. | ) | No. 23-CF-149 |
| | ) | |
| MICHAEL L. DROKE, | ) | Honorable |
| | ) | Bradley T. Paisley, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the defendant remained in pretrial detention after having been ordered released with a pretrial condition of depositing security prior to the effective date of the Safety, Accountability, Fairness and Equity-Today Act, the defendant was entitled to a hearing on his motion to remove the monetary conditions of his bond with 48 hours pursuant to 725 ILCS 5/110-7.5(b), 110-5(e) (West 2022), and the trial court erred in denying the defendant's request. The cause is remanded to the trial court with instructions to hold a hearing on the defendant's motion pursuant to 725 ILCS 5/110.7.5(b), 110-5(e) (West 2022).

¶ 2    The defendant, Michael L. Droke, appeals the trial court's order of September 21, 2023, denying his request for a timely hearing on his motion to remove the monetary condition from his bond pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023),

1

commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). On appeal, the defendant claims that he was a person who remained in pretrial detention after having been granted pretrial release on the condition of posting monetary security, that he filed a motion to remove the monetary condition from his bond, and that he was entitled to a hearing with 48 hours of filing his motion pursuant to sections 110-7.5(b) and section 110-5(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-7.5(b), 110-5(e) (West 2022)), as amended by the Act. The defendant contends that the trial court erred when it denied his request for an immediate hearing, and instead set his motion for a hearing within 90 days of the motion under subsection 110-7.5(b)(1) of the Code (725 ILCS 5/110-7.5(b)(1) (West 2022)). This appeal presents a narrow issue relevant only to defendants who remain in pretrial detention after having been ordered released with pretrial conditions, including posting monetary security, prior to September 18, 2023—the effective date of the Act. Therefore, our resolution of the issue should not be construed to affect defendants arrested on or after the Act's effective date. For the reasons that follow, we vacate a portion of the order of September 21, 2023, and remand the cause with instructions.

---

[1]The Act has been sometimes referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or the public act. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

¶ 3                                    I. BACKGROUND

¶ 4     On September 8, 2023, the defendant, Michael L. Droke, was charged by information with aggravated fleeing or attempting to elude a police officer, a Class 4 felony (count I); aggravated battery of a peace officer, a Class 2 felony (count II); unlawful possession of methamphetamine with intent to deliver, a Class 2 felony (count III); and aggravated assault, a Class 4 felony (count IV). He is eligible for extended term sentencing on all counts because he has a prior conviction for unlawful delivery of methamphetamine, a Class 2 felony, in Christian County, Illinois. The defendant was arraigned on September 8, 2023, and bond was set at $150,000.

¶ 5     On September 12, 2023, the State filed a verified petition to deny the defendant's pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). The State alleged that the proof was evident and the presumption great that the defendant committed a qualifying offense, and that the defendant's pretrial release posed a real and present threat to the safety of persons or the community. The State also filed a verified petition to revoke the defendant's pretrial release pursuant to section 110-6.1 of the Code, asserting that the defendant committed the current felony offenses while he was serving a 24-month period of probation following a plea of guilty to unlawful delivery of methamphetamine in February 2023.

¶ 6     On September 15, 2023, the defendant, through counsel, filed a motion for pretrial release and/or motion to strike the State's detention and revocation petitions. The defendant's motion to strike was called for a hearing on September 18, 2023. After considering the arguments of counsel, the trial court entered an order striking the State's

petitions as untimely because each petition sought relief under a statute that had not yet become effective. The State, with leave of court, refiled its petitions, and the court set all pending motions for a hearing on September 21, 2023.

¶ 7    On September 19, 2023, the defendant filed an amended motion for pretrial release and/or motion to strike. The defendant asserted that he had one case pending against him in which he had been granted pretrial release with conditions that included posting monetary security and that he remained in pretrial detention because of the condition that he post monetary security. The defendant further asserted that he did not pose a real and present threat to the safety of any person or the community, that he was not a flight risk, and that the imposition of pretrial release conditions could mitigate any potential safety threat. The defendant argued that he was entitled to a hearing on his motion to remove the monetary conditions of his bond within 48 hours of the filing of the motion, pursuant to section 110-7.5(b) and section 110-5(e) of the Code (725 ILCS 5/110-7.5(b), 110-5(e) (West 2022)). He sought an order striking the State's petition to deny pretrial release and an order of pretrial release without the monetary condition.

¶ 8    During a hearing on September 21, 2023, the trial court granted the defendant's motion to strike the State's petition to deny pretrial release and its petition to revoke pretrial release because the State's petitions did not comply with the time provisions in section 110-6 and 110-6.1 of the Code (725 ILCS 5/110-6, 110-6.1 (West 2022)). The trial court next addressed the defendant's motion to remove the monetary conditions from his bond. The court rejected the defendant's contention that he was entitled to a hearing within 48 hours of filing his motion. The court found that the defendant was charged with a felony

4

involving the threat of great bodily harm or permanent disfigurement, that the charged offense was a detainable offense, and therefore, that the defendant was entitled to a hearing within 90 days of the filing of his motion in accordance with the schedule set forth in subsection 110-7.5(b)(1) of the Code (725 ILCS 5/110-7.5(b)(1) (West 2022)). The court set the defendant's motion for hearing on December 11, 2023. The defendant filed a timely appeal under Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023).

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, the defendant claims that he was entitled to a hearing on his motion to remove the monetary condition from the pretrial release order within 48 hours of filing that motion under section 110-7.5(b) and section 110-5(e) of the Code (725 ILCS 5/110-7.5(b), 110-5(e) (West 2022)). The defendant argues that the trial court erred in denying his request for an immediate hearing. He requests that the case be remanded to the trial court with instructions to promptly hold a hearing pursuant to section 110-5(e).

¶ 11    The issue on appeal involves a question of statutory interpretation that is reviewed *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45. When interpreting a statute, the primary goal, "to which all other rules are subordinate, is to ascertain and give effect to the intention of the legislature." *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 48. The best indication of the legislative intent is the plain language of the statute. *Jackson*, 2012 IL 111928, ¶ 48. "The statute should be evaluated as a whole, with each provision construed in connection with every other section. When the statutory language is clear, we must apply the statute as written without resort to other tools of construction." *Jackson*, 2012 IL 111928, ¶ 48.

5

¶ 12   The Act became effective on September 18, 2023. See Pub. Acts 101-652, § 10-255; 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Pretrial release is governed by article 110 of the Code, as amended by the Act. 725 ILCS 5/art. 110 (West 2022). Under the Code, a defendant's pretrial release may only be denied in certain statutorily limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022).

¶ 13   In this case, the defendant's conditions of pretrial release were set during a hearing on September 8, 2023, and therefore prior to the effective date of the Act. The trial court set the defendant's bond at $150,000, and required the deposit of 10% as a condition of release. At the time of the hearing on September 21, 2023, the defendant remained in pretrial detention as he was unable to post bond.

¶ 14   Section 110-7.5 of the Code addresses persons such as the defendant who were arrested before the effective date of the Act and separates them into three categories. 725 ILCS 5/110-7.5 (West 2022). Section 110-7.5 provides in part as follows:

"(a) On or after January 1, 2023, any person having been previously released pretrial on the condition of the deposit of security shall be allowed to remain on pretrial release under the terms of their original bail bond. ***

(b) On or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5.

On or after January 1, 2023, any person, not subject to subsection (b), who remains in pretrial detention and is eligible for detention under Section 110-6.1 shall be entitled to a hearing according to the following schedule:

(1) For persons charged with offenses under paragraphs (1) through (7) of subsection (a) of Section 110-6.1, the hearing shall be held within 90 days of the person's motion for reconsideration of pretrial release conditions.

(2) For persons charged with offenses under paragraph (8) of subsection (a) of Section 110-6.1, the hearing shall be held within 60 days of the person's motion for reconsideration of pretrial release conditions.

(3) For persons charged with all other offenses not listed in subsection (a) of Section 110-6.1, the hearing shall be held within 7 days of the person's motion for reconsideration of pretrial release conditions." 725 ILCS 5/110-7.5(a), (b) (West 2022).

¶ 15    Section 110-5(e) provides:

"If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with

7

all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." 725 ILCS 5/110-5(e) (West 2022).

¶ 16 Under section 110-7.5 (a) of the Code, the first category consists of those defendants who were released from pretrial detention after posting a bond. 725 ILCS 5/110-7.5(a) (West 2022). The second category consists of defendants who remain in pretrial detention after having been ordered released with pretrial conditions, including the deposit of security. 725 ILCS 5/110-7.5(b) (West 2022). The third category consists of persons who remain in pretrial detention on a previously set order of "no bail." 725 ILCS 5/110-7.5(b)(1), (2), (3) (West 2022). The defendant contends the trial court erred in finding that he fit within the third category of defendants because he had not been denied bond. The defendant argues that he belongs in the second category of defendants because he had been granted pretrial release after a bond hearing, but remained in pretrial detention because he could not afford to post a cash bond.

¶ 17 After reviewing the Code and examining the relevant provisions in each section together, rather than alone, we find that persons such as the defendant who had pretrial conditions, including the depositing of monetary security, set prior to the effective date of the Act, are entitled to request a hearing to determine the reasons for continued detention under sections 110-7.5(b) and 110-5(e) (725 ILCS 5/110-7.5(b), 110-5(e) (West 2022)). Section 110-5(e) indicates that the hearing should be held within 48 hours after the filing of the defendant's motion. 725 ILCS 5/110-5(e) (West 2022). If the trial court finds that

8

the defendant's continued detention is due to the "unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency," then the trial court will be required to "reopen the conditions of release hearing" to determine what available conditions exist that will reasonably ensure the appearance of the defendant, the safety of any person or the community, and the likelihood of the defendant's compliance with all conditions of pretrial release. 725 ILCS 5/110-5(e) (West 2022). The defendant's inability to "pay for a condition of pretrial release" may not be used as a justification for pretrial detention of the defendant. 725 ILCS 5/110-5(e) (West 2022). The trial court may consider the provisions in section 110-5, including the matters set forth in subsection 110-5(a), in determining what conditions will reasonably ensure the defendant's appearance as required or the safety of any person or the community and the likelihood of the defendant's compliance with all conditions of pretrial release. 725 ILCS 5/110-5 (West 2022).

¶ 18                                    III. CONCLUSION

¶ 19    After reviewing the record, we find that the trial court erred in denying the defendant's request for a hearing within 48 hours of the filing of his motion to remove the monetary condition of his pretrial release. Accordingly, we vacate that portion of the trial court's order of September 21, 2023, denying the defendant's request and remand the case to the trial court with instructions to conduct a hearing on the defendant's motion pursuant to section 110-7.5(b) and section 110-5(e) of the Code.

¶ 20    Order vacated in part; cause remanded.

9